IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

SHERITA LANGSTON,

    Plaintiff,

v.

LOOKOUT MOUNTAIN
COMMUNITY SERVICES,

    Defendant.

CIVIL ACTION FILE NO.
4:16-CV-0239-HLM-WEJ

## ORDER

    This case is before the Court on Defendant's Motion for Attorney's Fees [88].

## I.   Background

    The Court incorporates the procedural background portion of its November 13, 2017, Order into this Order as if set forth fully herein, and adds only those background facts

that are relevant to the instant Motion.  (Order of Nov. 13, 2017 (Docket Entry No. 81) at 36-38.)   On November 13, 2017, the Court entered an Order adopting the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson, overruling Plaintiff's Objections, denying Plaintiff's Motion for Summary Judgment, and granting Defendant's Motion for Summary Judgment.  (<u>See generally id.</u>)   Plaintiff promptly filed a notice of appeal.  (Notice of Appeal (Docket Entry No. 83).)

On November 27, 2017, Defendant filed a Motion for Attorney Fees.  (Mot. Atty. Fees (Docket Entry No. 86).)  On November 28, 2017, the Court denied that Motion without prejudice because Defendant failed to attach a supporting brief.  (Order of Nov. 28, 2017 (Docket Entry No. 87).)  Later that same day, Defendant filed the instant Motion for Attorney Fees.  (Mot. Atty. Fees (Docket Entry No. 88).)

2

Plaintiff filed a response to the Motion for Attorney Fees. (Resp. Mot. Atty. Fees (Docket Entry No. 94).)   The time period in which Defendant could file a reply in support of its Motion has expired, and the Court finds that the matter is ripe for resolution.

## II.   Discussion

Defendant seeks an award of attorney's fees under 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5, and 28 U.S.C. § 1927, as well as under the Court's inherent power.   (See generally Br. Supp. Mot. Atty. Fees (Docket Entry No. 88-1).) Defendant complains that Plaintiff pursued a frivolous 42 U.S.C. § 1981 claim, filed a baseless Motion for Partial Summary Judgment, and waited until after Defendant filed a Motion for Summary Judgment to withdraw her discrimination claims under § 1981 and Title VII.   (See

3

generally id.)   The Court addresses Defendant's various requests infra.

### A.   42 U.S.C. § 1988 and § 2000e-5

42 U.S.C. § 1988 provides, in relevant part: "In any action or proceeding to enforce a provision of section[] 1981 . . ., the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."   42 U.S.C. § 1988(b).  42 U.S.C. § 2000e-5(k) states, in relevant part: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs."  42 U.S.C. § 2000e-5(k).

The Supreme Court has observed that, for purposes of § 2000e-5(k), "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the

4

plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978). The Supreme Court also has cautioned that "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. at 421-22. A similar standard applies to claims for attorney's fees under 42 U.S.C. § 1988. See Hughes v. Rowe, 449 U.S. 5, 14 (1980) (per curiam) ("The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.").

When determining whether to award attorney's fees against a plaintiff under § 1988 or § 2000e-5(k), "a district

5

court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." <u>Sullivan v. Sch. Bd. of Pinellas Cty.</u>, 773 F.2d 1182, 1189 (11th Cir. 1985) (internal quotation marks and citation omitted). "Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." <u>Id.</u> "While these general guidelines can be discerned from the case law, they are general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." <u>Id.</u> Importantly, "when determining whether a claim was or became frivolous, [courts] view the evidence in the light most

favorable to the <u>non</u>-prevailing plaintiff." <u>Cordoba v. Dillard's,</u>
<u>Inc.</u>, 419 F.3d 1169, 1179 (11th Cir. 2005) (emphasis in
original) (internal quotation marks and citation omitted).

Here, the Court cannot find that Plaintiff's § 1981 claim
against Defendant was entirely without foundation.  Although
Defendant argues that it was clearly a state entity, this is not
such a clear-cut issue as Defendant contends, and Plaintiff's
arguments to the contrary were not frivolous.   Further,
contrary to Defendant's apparent belief, Defendant is not
entitled to attorney's fees in its favor simply because it
obtained summary judgment on this claim.   The Court
therefore will not award Defendant attorney's fees under §
1988 based on Plaintiff's § 1981 claim.

Defendant also argues that it is entitled to attorney's
fees because Plaintiff consented to withdraw her Title VII and
§ 1981 race discrimination claims only in response to

7

Defendant's Motion for Summary Judgment.  This argument is unavailing.  Although Plaintiff ultimately withdrew her Title VII and § 1981 race discrimination claims, the Court cannot find that those claims were frivolous.  Indeed, Plaintiff and her counsel acted reasonably by dismissing the claims promptly after reviewing the legal arguments and authority that Defendant presented at summary judgment, instead of continuing to pursue the claims.  Importantly, if Defendant had truly felt that Plaintiff's § 1981 and Title VII claims were frivolous, Defendant could have, and should have, taken advantage of the remedy provided in Federal Rule of Civil Procedure 11.  Defendant, however, chose not to do so, which counsels against awarding it attorney's fees based on this argument.

8

In sum, Defendant is not entitled to attorney's fees under § 1988 or § 2000e-5(k).  The Court therefore denies this portion of Defendant's Motion for Attorney's Fees.

## B.   28 U.S.C. § 1927

Alternatively, Defendant seeks an award of sanctions under 28 U.S.C. § 1927.  That statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.[1]  "[T]he provisions of § 1927, being penal in nature, must be strictly construed."   Peterson v. BMI

---

[1]   "Section 1927 only applies to attorneys or persons admitted to conduct cases in a court of law." Smith v. Grand Bank & Trust of Fla., No. 04-80343-Civ., 2005 WL 6106148, at *7 (S.D. Fla. Apr. 28, 2005) (collecting cases).  The Court therefore cannot sanction Plaintiff individually under § 1927.

Refractories, 124 F.3d 1386, 1395 (11th Cir. 1997).  Further,

an attorney threatened with sanctions under § 1927 is

entitled to a hearing.  Reynolds v. Roberts, 207 F.3d 1288,

1302 (11th Cir. 2000).

> The Eleventh Circuit has observed:
>
> § 1927 is not a "catch-all" provision for sanctioning objectionable conduct by counsel.  Under the plain language of the statute, three essential requirements must be satisfied with respect to an award of sanctions under § 1927.  First, the attorney must engage in "unreasonable and vexatious" conduct.  Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings."  Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Peterson, 124 F.3d at 1396 (emphasis in original).  Section

1927 thus "applies only to conduct that multiplies the

proceedings in any case unreasonably and vexatiously."  Id.

10

(internal quotation marks omitted).   For § 1927 to apply, "there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings." <u>Id.</u> Under § 1927's "plain statutory language, objectionable conduct–even 'unreasonable and vexatious' conduct–is not sanctionable unless it results in proceedings that would not have been conducted otherwise." <u>Id.</u>

"[A]n attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of [§ 1927] only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" <u>Amlong & Amlong, P.A. v. Denny's, Inc.</u>, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1582 (11th Cir. 1991)).   "For sanctions under section 1927 to be appropriate, something more than a lack of merit is required." <u>Schwartz v. Millon Air, Inc.</u>, 341 F.3d

11

1220, 1225 (11th Cir. 2003).   The Eleventh Circuit has observed:

> "Bad faith" is the touchstone.  Section 1927 is not about mere negligence.  A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.

Id. at 1225-26 (internal citations omitted).

For purposes of § 1927, a determination of bad faith turns on the attorney's objective conduct, rather than his or her subjective intent.  Hudson v. Int'l Computer Negotiations, Inc., 499 F.3d 1252, 1262 (11th Cir. 2007).  "What is crucial is whether, regardless of the attorney's subjective intentions, the conduct was unreasonable and vexatious when measured against an objective standard."  Id.  "Thus, objectively reckless conduct is enough to warrant sanctions

12

even if the attorney does not act knowingly and malevolently." Amlong & Amlong, 500 F.3d at 1241.

For the following reasons, the Court denies Defendant's request for sanctions under § 1927. Nothing in the record indicates that Plaintiff's counsel acted unreasonably or in bad faith by pursuing the § 1981 claim, by dismissing the § 1981 and Title VII race discrimination claims in response to Defendant's Motion for Summary Judgment, or by filing a Motion for Partial Summary Judgment on Plaintiff's Fair Labor Standards Act ("FLSA") claim. As previously noted, Plaintiff's § 1981 claim was not frivolous, and the Court cannot find that counsel acted in bad faith by continuing to pursue that claim. Further, the award of summary judgment to Defendant does not make Plaintiff's § 1981 claim frivolous. The Court also cannot find that Plaintiff's counsel acted unreasonably or in bad faith by dismissing the § 1981 and

13

Title VII claims in response to Defendant's Motion for Summary Judgment.[1]  Moreover, although Plaintiff did not ultimately succeed on her Motion for Partial Summary Judgment, the Court finds that the Motion was not frivolous or filed in bad faith.  Again, the fact that the Court ultimately denied the Motion does not make the Motion frivolous.[2]  Finally, the Court cannot find that Plaintiff's counsel's

---

[1]   Defendant contends that Plaintiff's counsel should have "picked up the phone or sent an email to tell his colleagues on the defense that the claims were no longer being pursued, or even filed a motion with the Court stating the same." (Br. Supp. Mot. Atty. Fees at 8.)  This argument, however, presumes that Plaintiff's counsel decided not to pursue the claims before Defendant filed its Motion for Summary Judgment.  Nothing in the record indicates that this was the case.

[2]   Although Defendant contends that "Plaintiff omitted key facts and ignored substantive law" in her Motion for Partial Summary Judgment (Br. Supp. Mot. Atty. Fees at 7), Defendant fails to point to any such facts or substantive law in its Motion. This failure counsels against awarding Defendant attorney's fees under § 1927.

14

conduct unreasonably or vexatiously multiplied or prolonged this litigation.

Under the above circumstances, the Court declines to sanction Plaintiff's counsel under § 1927. The Court consequently denies the portion of the Motion for Sanctions that seeks an award of sanctions under § 1927.

## C.   Inherent Authority

Defendant also requests that the Court use its inherent authority to sanction Plaintiff and her counsel. "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions." Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002). A court may use its inherent power to impose sanctions against the client, the client's attorney, or both. Merial Ltd. v. Velcera, Inc., No. 3:11-CV-157(CDL), 2012 WL 2880843, at

15

*2 (M.D. Ga. July 13, 2012). Courts must exercise caution before using this inherent power, and cannot impose sanctions under this power unless the courts find that the conduct at issue "'constituted or was tantamount to bad faith.'" Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1320 (11th Cir. 2002) (quoting Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 918 (11th Cir. 1982)). "'A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'" Id. (quoting Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998)). "Sanctions authorized under the court's inherent power include the striking of frivolous pleadings or defenses, disciplining lawyers, punishing for contempt, assessment of

16

attorneys' fees and costs, and outright dismissal of a lawsuit." Bernal v. All Am. Inv. Realty, Inc., 479 F. Supp. 2d 1291, 1338 (S.D. Fla. Mar. 23, 2007).

The Court's inherent powers stretch no further than the Court's authority to impose sanctions under § 1927.  See Amlong & Amlong, 500 F.3d at 1239 ("[A] district court's authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers."). "'[B]ecause of their very potency, inherent powers must be exercised with restraint and discretion.'" Id. at 1251 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)).

"When exercising its inherent power, the court must comply with due process in determining bad faith and affixing sanctions." Deforest v. Johnny Chisholm Global Events, LLC, No. 3:08cv498/MCR/EMT, 2010 WL 1792094, at *6

(N.D. Fla. May 4, 2010).   That includes making "specific findings as to the party's conduct that warrants the imposition of sanctions."   <u>Smith</u>, 2005 WL 6106148, at *13. Additionally, "due process concerns may require fair notice and an opportunity for a hearing on the record." <u>AT&T Wireless Servs. of Ca. LLC v. City of Carlsbad</u>, No. 01cv2045-JM(LAB), 2002 WL 34396709, at *5 (S.D. Fla. Nov. 7, 2002).   "The inherent powers doctrine is most often invoked in cases in which a party commits perjury or destroys or alters" crucial evidence.   <u>Deforest</u>, 2010 WL 1792094, at *9.

As discussed <u>supra</u> Part II.B., the Court cannot find that Plaintiff or her counsel acted in bad faith in pursuing the § 1981 claim, in dismissing the § 1981 and Title VII race discrimination claims in response to Defendant's Motion for Summary Judgment, or in filing the Motion for Partial

18

Summary Judgment.   The Court also cannot conclude that Plaintiff's actions unreasonably prolonged this litigation or unreasonably burdened Defendant.[3]   If anything, both sides have exhibited a general lack of civility and have pursued disputes that, frankly, they should have dropped.[4]   The Court consequently declines to use its inherent authority to sanction Plaintiff or her counsel.

---

[3]   Defendant failed to make a showing as to the amount of costs, expenses, and attorney's fees that it reasonably incurred because of Plaintiff's conduct.   Instead, Defendant simply asserted, without support, that it "estimate[d] the attorney's fees will be $15,000 - $25,000."   (Br. Supp. Mot. Atty. Fees at 9.) This is not sufficient to satisfy Defendant's burden.

[4]   Judge Johnson held at least two conferences in this case to address disputes between the Parties' attorneys.   (Minute Entry (Docket Entry No. 21); Minute Entry (Docket Entry No. 35).) The Court cautions counsel that the Court has authority to require counsel to attend continuing legal education seminars on the subject of professionalism, and that engaging in unnecessary disputes in future cases might warrant this sanction.

19

## III.  Conclusion

ACCORDINGLY, the Court **DENIES** Defendant's Motion for Attorney's Fees [88].

IT IS SO ORDERED, this the ⅆ⅂ day of December, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

20